UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
ROBERTO MAIDANA,

                Plaintiff,                          16 CV 2342 (SJ)

                                                MEMORANDUM
                  v.                              AND ORDER

BOSTON CULINARY GROUP, INC.,
d/b/a CENTERPLATE

                Defendant.
-------------------------------------------------X

A P P E A R A N C E S

LAW OFFICES OF FAUSTO E. ZAPATA, PC
277 Broadway
Suite 206
New York, NY 10007
By:    Fausto E. Zapata, Jr.
*Attorney for the Plaintiff*

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017
By:    William Fuger Cusack, III
*Attorneys for the Defendant*

JOHNSON, Senior District Judge:

Defendant Boston Culinary Group, Inc., d/b/a Centerplate brings this motion (the "Motion") to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Dkt. No. 15, Def.'s Mot. to Dismiss; see also Fed. R. Civ. P. 12(b)(6)). Plaintiff, Roberto Maidana, has filed six claims in total against Defendant: federal, state and city discrimination and retaliation claims, all of which Defendant seeks to have dismissed. (See Dkt. No. 1, Compl.) Based on the submissions of the parties, the oral argument on June 14, 2018, and for the reasons stated herein, the Motion is granted.

## I. BACKGROUND

For the purpose of this Motion, all the facts alleged in the Plaintiff's complaint will be taken as true.

Plaintiff worked as a bartender for Defendant's Fig's Café located in LaGuardia Airport, Terminal B (hereinafter "Fig's Café" or "Defendant"). (See Compl. ¶ 8–10.) An incident occurred on January 2, 2015, when a customer that Plaintiff was serving made racially disparaging comments towards Plaintiff and his coworkers, including something to the effect that, "colored people from all of all [sic] over the world working at Fig's Café and . . . none spoke English." (Id. ¶ 17.) Plaintiff is a dark-skinned Argentinian man with a Spanish accent, and he was "humiliated and embarrassed" by the customer's comments. (Id. ¶ 6, 19.) Nevertheless, he continued to serve the customer. (Id. ¶ 19.) The customer indicated

that he would be leaving a tip in cash, at which point Plaintiff confronted him and asked outright for his tip. (See Compl. ¶ 22–23.) The customer "threw" $2 at Plaintiff and left. (Id. ¶ 23; see also Cusack's Decl. Ex. C (same). But see Cusack's Decl. Ex. B, at 1 (customer's complaint says simply that he "left" the $2).) As Plaintiff conceded at oral argument on June 14, 2018, Plaintiff exited the bar and gave the $2 tip back to the customer. (See Tr. of Status Conference at 2, Maidana v. Boston Culinary Grp., No. 16-CV-2342 (E.D.N.Y. June 14, 2018)). On January 3, 2015, the customer sent a letter of complaint to Defendant regarding the slow service and the "embarrassing moment" when Plaintiff returned his tip at his departure gate and allegedly berated him. (See Compl. ¶ 26; see also Dkt. No. 15, Cusack's Decl. Ex. B., at 1.)[1]

Defendant suspended Plaintiff pending investigation, and invited him to submit a written statement explaining what had occurred from his perspective. (See Compl. ¶ 27–28.) Plaintiff told his supervisor, Daniel Mora, about the customer's derogatory comments. (See id. ¶ 28–29.) On January 9, 2015, Plaintiff submitted a written statement to his General Manager. (See id. ¶ 30.) On January 30, 2015, Defendant sent Plaintiff a letter informing him that they had concluded their investigation and had decided to terminate Plaintiff's employment. (See id. ¶ 31.) Defendant cited abandonment of post as the reason for the decision. (See Tr. at 2).

---

[1] The customer's letter of complaint is incorporated by reference into the Plaintiff's complaint. (See Compl. ¶ 26–27; see also infra pp. 4–5.)

## II. DISCUSSION

A. Scope of the Complaint

On May 10, 2016, Plaintiff filed a Complaint against Defendant claiming that, by terminating his employment, Defendant had unlawfully discriminated against him on the basis of his race, color and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (hereinafter, "Title VII"), the New York State Human Rights Law, Executive Law §§ 290, *et seq.* ("NYSHRL") and the New York City Administrative Code §§ 8-101, et seq. ("NYCHRL"). (See Compl.) Defendant filed the Motion on August 26, 2016. (See Dkt. No. 15, Def.'s Mot. to Dismiss.)

Defendant claims that the customer complaint and Plaintiff's statement were incorporated by reference into Plaintiff's complaint. (See Dkt. No. 17.) They were not attached to the complaint, so in order for the Court to deem them to be part of the complaint at the motion to dismiss stage they must either be incorporated by reference or "integral to the complaint." See, e.g., Goldman v. Belden, 754 F.2d 1059, 1065–66 (2d Cir. 1985) ("The pleading is deemed to include any document attached to it as an exhibit, . . . or any document incorporated in it by reference."); Deluca v. AccessIT Grp., Inc. 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) ("[E]xtrinsic documents may be considered as part of the pleadings if they either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint.").

4

Plaintiff makes specific allegations in his complaint regarding the customer complaint and his own signed statement. (See Compl. ¶ 26–27, 30.) Both the customer's complaint and Plaintiff's signed statement are therefore incorporated by reference into Plaintiff's complaint. See Kelly v. N. Shore-Long Island Jewish Health Sys., 166 F. Supp. 3d 274, 284 (E.D.N.Y. 2016) (incorporating letter by reference in employment discrimination case based on Plaintiff's specific allegations regarding the correspondence in the complaint).

B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint need only be a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Supreme Court has interpreted Rule 8 narrowly, however, to require "more than labels and conclusions," holding that "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Specifically, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court will evaluate each claim pursuant to those standards.

1.  Federal Discrimination Claim

In order to succeed on an employment discrimination claim under Title VII, a Plaintiff must meet the requirements of the three-part McDonnell Douglas burden shifting framework. See, e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Spiegel v. Schulmann, 604 F.3d 72, 80 (2d Cir. 2010) (applying McDonnell Douglas to employment discrimination claims under the NYSHRL); Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (applying McDonnell Douglas to Title VII discrimination claim). Under the McDonnell Douglas framework, Plaintiff "bears the initial burden of establishing a prima facie case of discrimination or retaliation." Rodriguez v. Verizon Television, 2014 WL 6807834, at *2 (S.D.N.Y. Dec. 3, 2014) (citing Kirkland v. Cablevision Sys., 760 F.3d 223, 225 (2d Cir. 2014)). To state a prima facie case of racial discrimination, Plaintiff must "proffer evidence that (1) he belongs to a protected group; (2) he was qualified for his position; (3) his employer took an adverse action against him; and (4) the adverse action occurred in circumstances giving rise to an inference of race discrimination." Kirkland, 760 F.3d at 225.

Once Plaintiff has borne his initial burden, the burden shifts to Defendant to provide a legitimate, non-discriminatory reason for its actions. Rodriguez, 2014 WL 6807834 at *2 (citing Kirkland, 760 F.3d at 225).

Neither party disputes that Plaintiff satisfies the first three elements of a prima facie case. Plaintiff might not satisfy the fourth element, but he need not

6

establish a prima facie case for the claim to pass the motion to dismiss stage so long as the claim is facially plausible and gives fair notice to the Defendant. See Bakeer v. Nippon Cargo Airlines, Co., 2011 WL 3625103, at *42 (E.D.N.Y. July 25, 2011) (citing Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 215–18 (S.D.N.Y. 2010)) ("[Plaintiff's] complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim."); see also Jordan v. Forfeiture Support Assocs., 928 F. Supp. 2d 588, 601 (E.D.N.Y. 2013) (same). Plaintiff need only allege "facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." Kpaka v. City of N.Y., 708 F. App'x 703, 704 (2d Cir. 2017) (quoting Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015)). To meet that standard, he must put forward "at least minimal support for the proposition that the employer was motivated by discriminatory intent." Javed v. Medgar Evers Coll. of the City Univ. of N.Y., 724 F. App'x 73, 74 (2d Cir. 2018) (citing Vega, 801 F.3d at 85).

Plaintiff fails to meet the standard of demonstrating "minimal support for the proposition that the employer was motivated by discriminatory intent." Id. A court may infer discrimination "from circumstances, including, but not limited to, the employer's invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the

7

sequence of events leading to the plaintiff's discharge." Famighette v. Rose, 2018 WL 2048371, at *2 (E.D.N.Y. May 2, 2018) (quoting Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)). As pled, none of Defendant's actions directly indicate racial bias. It was a customer, not Defendant, who allegedly made invidious comments regarding Plaintiff's race and national origin. The chronological order of the customer's complaint and the termination is insufficient to establish a claim because, as Plaintiff concedes, Defendant did not know about the customer's allegedly discriminatory remarks before it began the investigation. (See Compl. ¶ 27–28). Furthermore, Plaintiff fails to provide examples of other investigations by the Defendant into customer complaints. Famighette, 2018 WL 2048371 at *2 (finding "the more favorable treatment of employees not in the protected group" may allow a court to infer discrimination). Without more, the Court cannot conclude that Defendant's termination of Plaintiff was directly motivated by discriminatory intent.

Under some circumstances a court may impute the actions and intent of an employee, or even a non-employee, to their superior. (See Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss.) Defendant, once it became aware of the customer's comments, was required to provide a reasonable avenue for complaint and to take appropriate remedial action. See Summa v. Hofstra Univ., 708 F.3d 115, 124 (2d Cir. 2013). In this case, it did so. Defendant provided Plaintiff with an avenue for complaint, in the form of an opportunity to speak with his supervisor regarding the incident and to submit a written statement. (See Compl. ¶ 28–30.)

Plaintiff acknowledges that Defendant had no control over the customer's statements[2], and acknowledges that he had the chance to produce a written statement, but argues that Defendant condoned and adopted the customer's statements when it relied upon the customer's letter of complaint to terminate Plaintiff. (See Pl.'s Mem. of Law in Opp. To Def.'s Mot. to Dismiss 8.) To support his argument, Plaintiff cites Parra v. City of White Plains, a case involving the ongoing sexual harassment of a police officer by several fellow officers, in which the court imputed liability to the employer because he dismissed the harassment as "jokes" and assigned the officer who complained to either work with the men who had harassed her or face a salary reduction. Parra v. City of White Plains, 48 F. Supp. 3d 542, 547–49 (S.D.N.Y. 2014). Parra reiterated the holding in Brown v. City of New York that "liability for an employee's discriminatory acts may not be imputed to an employer . . . unless the employer became a party to it by encouraging, condoning, or approving it." Parra, 48 F. Supp. 3d at 551 (quoting Brown v. City of New York, 2013 WL 3789091, at *18 (S.D.N.Y. July 19, 2013)) (finding an exception to the general no liability rule). In Brown, the defendant refused to fire an employee

---

[2] An employer is generally "not liable for failing to prevent an act of harassment by a first-time customer," although there are exceptional cases. Swiderski v. Urban Outfitters, Inc., 2015 WL 3513088, at *3 (S.D.N.Y. June 4, 2015) (holding the employer liable in exceptional case because the employer entirely failed to respond to the plaintiff's complaint). Defendant had no control over the customer or the statements he made. Cf. Viruet v. Citizen Advice Bureau, 2002 WL 1880731, at *17 (S.D.N.Y. Aug. 15, 2002) (finding employer not liable for conduct of non-employee due to employer's lack of knowledge of and lack of control over the derogatory comments).

repeatedly accused of sexual harassment and reportedly once told the female plaintiff that "a man and God are equal and a woman is below." Brown v. City of New York, 2013 WL 3789091, at *2–3 (S.D.N.Y. July 19, 2013) (denying in part motion for summary judgment). The case presently before the Court is not comparable to the facts in Parra or Brown. The defendants in those cases were actively dismissive of – and to some degree even facilitated – the sexual harassment of the plaintiffs by their employees. See id. at 547–49. Their actions far exceed the alleged actions of Defendant.

Therefore, Plaintiff's federal discrimination claim is not facially plausible, and is dismissed.

2.  Federal Retaliation Claim

Title VII retaliation claims are also analyzed according to the McDonnell Douglas burden shifting analysis. See Bright v. Coca Cola Refreshments USA, Inc., 2014 WL 5587349, at *1 (E.D.N.Y. Nov. 3, 2014). To establish a prima facie case of retaliation, Plaintiff must demonstrate that "(1) he engaged in protected participation or opposition under Title VII . . . (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action." Id. (citing Kessler v. Westchester Cnty. Dep't of Social Servs., 461 F.3d 199, 205–06 (2d Cir. 2006)); see also Kirkland v. Cablevision Sys., 760 F.3d 223, 225 (2d Cir. 2014) ("To state a prima facie case of retaliation under Title VII, a

plaintiff must proffer evidence that he engaged in a protected activity . . . and that his employer took an adverse action in retaliation."). Here, there is no dispute that the first three factors are satisfied.

As to the fourth factor, to support a retaliation claim, "an action must be materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See Bright v. Coca Cola Refreshments USA, Inc., 2014 WL 5587349, at *3 (E.D.N.Y. Nov. 3, 2014) (citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)). Retaliation must be a cause of the adverse action, but not necessarily the only cause: Plaintiff need only prove that "the adverse action would not have occurred in the absence of the retaliatory motive." Id. (citing Kwan v. Andalex Grp. LLC, 737 F.3d 834, 845–46 (2d Cir. 2013)) (finding that plaintiff need not prove but-for causation under the NYSHRL); see also Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 570 U.S. 338, 343 (2013) ("An employee who alleges status-based discrimination under Title VII need not show that the causal link between injury and wrong is so close that the injury would not have occurred but for the act. So-called but-for causation is not the test. It suffices instead to show that the motive to discriminate was one of the employer's motives.").

Plaintiff has failed to allege any facts tending to show that Defendant fired him because he informed Defendant of the customer's disparaging remarks. There is insufficient proof of a connection between the customer's remarks, Plaintiff's

complaint about the remarks and Plaintiff's termination. Accordingly, Plaintiff's federal retaliation claim is dismissed.

3.  Remaining Claims

The Court declines to exercise supplemental jurisdiction over Plaintiff's state and local claims. They, too, are dismissed. 28 U.S.C. § 1367 (c)(3).

### III. CONCLUSION

For the foregoing reasons, the Defendant's Motion is GRANTED. All of Plaintiff's remaining arguments have been considered and are without merit. The Clerk of Court is directed to enter a final judgment of dismissal and to close the case.

SO ORDERED.

Dated: July 11, 2018  
Brooklyn, New York

Sterling Johnson, Jr., U.S.D.J.